

FILED

03/08/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0279

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0279

_____

DANA ROLAN, on her own behalf
and on behalf of the class she represents,

    Plaintiffs, Counter-Defendants, and Appellees,

    v.

NEW WEST HEALTH SERVICES,

    Defendant and Appellee,

DARWIN SELECT INSURANCE COMPANY
and ALLIED WORLD ASSURANCE COMPANY
and DARWIN NATIONAL ASSURANCE
COMPANY,

    Defendant, Counter-Claimant, and Appellant.

_____

FILED

MAR 0 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

On January 4, 2022, we issued an Opinion in the above-entitled action, reversing the District Court's holding that Allied is estopped from asserting the $1 million "each Claim" limit of liability, remanding for the District Court to consider whether the $1 million limit applied, and affirming the District Court's holding that Allied's "Loss" provision does not preclude Allied's indemnity obligation of the class's damages.

On February 10, 2022, the Clerk of Court issued a Notice of Correction to the Opinion noting the removal of Justice Dirk Sandefur's signature. The corrected Opinion notes that Justice Sandefur did not participate in the decision due to a conflict-based self-recusal.

On February 17, 2022, Rolan filed a motion for relief pursuant to Mont. R. App. P. 16, based on this Court's Notice of Correction. Rolan contends that since only six Justices signed the Opinion, this conflicts with the Court's Internal Operating Rules which state that "[t]he Supreme Court en banc shall consist of seven members" and

that "[i]n those cases in which a justice disqualifies himself or herself, the chief justice . . . shall designate a replacement."

On February 24, 2021, this Court issued an Order classifying this case for submission on briefs to the Court sitting en banc. Justice Sandefur's recusal preceded any consideration or discussion of this matter; therefore, the Order classifying the case as being submitted to the Court sitting "en banc" was incorrect. As Rolan correctly notes, our Internal Operating Rules designate "en banc" as "consist[ing] of seven members." In fact, at the time the matter was classified for submission, it was submitted for consideration by six members of the Court, excluding Justice Sandefur.[1]

Rolan contends she was prejudiced by not having her case considered en banc and that we should "at a minimum, grant a rehearing so the case can be argued before and considered by a full seven-Justice en banc panel with a replacement for the absent Justice." But Rolan was never entitled to en banc consideration of this case. Montana Supreme Court Internal Operating Rules, Section IV, Paragraph 1 designates four circumstances in which a case shall be heard en banc:

(1) Cases in which the accused shall have been sentenced to death;

(2) Cases in which a bona fide challenge is made to the constitutionality of a statute;

(3) Cases involving a question certified to the Court by another court pursuant to Rule 15, M. R. App. P.; and

(4) Such cases as shall be determined by two or more justices to require a hearing en banc.

None of those circumstances are present here. Rolan cannot claim prejudice by not having her case considered en banc when she was not entitled to en banc consideration in the first

---

[1] While most cases are considered either by a five-justice panel or en banc, our Internal Operating Rules do not prohibit consideration by six justices and in fact specifically contemplate such consideration. See Section IV, Paragraph 3: "All proposed opinions shall be circulated to all justices, whether members of the panel or not. Any justice who is not a panel member may request participation in the panel conference on such proposed opinion."

instance. As for Rolan's argument that a replacement should have been designated for Justice Sandefur, that would have only been required if the Court had decided to consider the matter en banc instead of with six members, in which case a district judge would have been called in.

Having fully considered Rolan's motion, we conclude the relief requested by Rolan is not warranted. Accordingly,

IT IS HEREBY ORDERED that Rolan's motion is DENIED.

The Clerk of Court is directed to mail copies of this Order to all counsel of record.

DATED this _____8th_____ day of March, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3